IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-105-FL

| | | |
|---|---|---|
| TERRI PADGETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the parties' cross-motions for Judgment on the
Pleadings. (DE's-23, 27). Plaintiff has filed a response to Defendant's motion (DE-29), and the
time for the parties to file any additional responses or replies has expired. Accordingly, the matter
is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the
undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it
is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-23) be
GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-27) be DENIED.
Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded
pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security
income ("SSI") on September 27, 2006 alleging that she became disabled on May 14, 2006. (Tr.
18). She later amended her onset date to October 1, 2007. *Id.* These applications were denied

1

initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled during the relevant time period in a decision dated February 17, 2009. *Id.* at 18-24. On March 31, 2011, the Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review, making the February 17, 2009 determination Defendant's final decision. *Id.* at 1-5. The instant action was filed by Plaintiff on May 24, 2011. (DE-1).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

> 42 U.S.C. § 405(g)

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to

determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process which must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).
>
> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful employment since her alleged onset date. (Tr. 20). At step two, the ALJ found that Plaintiff suffered from a single severe impairment: degenerative disc disease. *Id.* Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of sedentary work. *Id.* at 21. Based on this finding, the ALJ found that Plaintiff could perform her past relevant work as an

3

insurance clerk. *Id.* at 24. Accordingly, the ALJ concluded that Plaintiff was not disabled at any time through the date of his decision *Id.* During his analysis, the ALJ does not mention Plaintiff's obesity. He also does not specify the weight given to medical treatment records from Plaintiff's chiropractor. *Id.* at 338-395.

Plaintiff's argument relies primarily on the contention that the ALJ improperly weighed the evidence. However, this Court must uphold Defendant's final decision if it is supported by substantial evidence. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, her claims are largely without merit.

Nonetheless, Plaintiff raises two issues which merit remand. First, Plaintiff argues that "the ALJ failed to assess . . . [Plaintiff's] obesity under Social Security Ruling 02-1p." (DE-24, pg. 10).

The medical record indicates that Plaintiff has a "history of obesity." *Id.* at 288. This statement is consistent with Plaintiff's height and weight during the relevant period. *Id.* at 287, 328, 335).

While there is no listing for obesity, it is possible for "obesity, by itself, . . . [to be found] medically equivalent to a listed impairment." SSR 02-1p, 2000 WL 628049 at *5. Obesity can also increase the severity of coexisting or related impairments to the extent that the combination of impairments meets a listing. *Id. See also*, Boston v. Barnhart, 332 F.Supp. 2d 879, 886 (D. Md. August 12, 2004). Social Security Ruling ("SSR") 02-1p states that the existence of obesity is established by:

4

> generally rely[ing] on the judgment of a physician who has examined the claimant and reported his or her appearance and build, as well as weight and height. Thus, in the absence of evidence to the contrary in that case record, we will accept a diagnosis of obesity given by a treating source or consultative examiner.
>
> SSR 02-1p, 2000 WL 628049 at * 3. *See also*, <u>Stemple v. Astrue</u>, 475 F. Supp. 2d 527, 539-540 (D. Md. February 26, 2007)(references to weight in record sufficient to alert ALJ despite fact that claimant did not specifically claim obesity as an impairment).

The ruling further specifies that the ALJ must explain how conclusions regarding a claimant's obesity were reached. *Id.* at 3. Specifically, "[SSR 02-1p] makes it fairly clear that obesity must be considered by the ALJ in conjunction with his determinations at steps two, three, and four of the sequential analysis prescribed for disability determinations." <u>Gross v. Astrue</u>, 2010 WL 1328462, * 5 (D. Md. March 26, 2010).

Here, Defendant concedes that "the ALJ did not consider . . . [Plaintiff's] obesity . . ." (DE-28, pg. 11). However, Defendant argues remand is not necessary because "it is clear that . . . [Plaintiff's] obesity was considered by the physicians relied on by the ALJ." *Id.* That may well be true, but, nonetheless, it was still incumbent upon the ALJ to explain how his conclusions regarding obesity were reached. <u>Boston</u>, 332. F. Supp. 2d at 886. *See also*, SSR 02-1p, 2000 WL 628049 at * 6. Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, <u>Sterling Smokeless Coal Co. v. Akers</u>, 131 F.3d 438, 439–40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." <u>DeLoatche v. Heckler</u>, 715 F.2d 148, 150 (4th Cir. 1983).

Accordingly, the undersigned finds that this matter should be remanded to allow more

specific findings with regard to Plaintiff's obesity. Gross, 2010 WL 1328462, * 5 ("Although it is possible that the ALJ did consider obesity, the absence of discussion in his ruling prevents the Court from knowing whether the ALJ followed the directions set forth in Social Security Ruling 02-1p . . . [t]hus, the case must be remanded for further proceedings").

In addition, Plaintiff argues that "the ALJ failed to mention or accord appropriate weight to the treatment records of . . . [Plaintiff's] chiropractor." (DE-24, pg. 16). Specifically, Plaintiff received treatment from Barnes Chiropractic from April 30, 2003 through November 7, 2008. (Tr. 338-395). These records consistently document Plaintiff's complaints of pain and how this pain was affecting her daily activities. *Id.* Ultimately, the ALJ found Plaintiff's allegations of pain incredible. *Id.* at 22.

Title 20 C.F.R. §§ 404.1513(d) states that "other sources," including chiropractors, may provide evidence to show the severity of a claimant's impairments and how it affects the claimant's ability to work. Given the ALJ's finding with regard to Plaintiff's credibility, the treatment records from Barnes Chiropractic were relevant to his determination. According to the Fourth Circuit, an ALJ may choose to reject relevant testimony regarding plaintiff's pain or physical condition, however, the ALJ should explain the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence. Hatcher v. Sec'y, Dep't of HHS, 898 F.2d 21, 23 (4th Cir. 1989) (*Quoting* Smith v. Schweiker, 719 F.2d 723, 725 n. 2 (4th Cir. 1984)). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Therefore, the ALJ should have explained the weight given to these records. *See,* Sterling Smokeless Coal Co., 131 F. 3d at 439–440.

6

Defendant essentially concedes that the ALJ failed to consider these records. (DE-28, pg. 13). Specifically, the ALJ simply notes that Plaintiff received treatment from a chiropractor, with little further discussion. (Tr. 22). Again, however, Defendant argues that remand is not required because "it is not clear what value these notes have in this case." (DE-28, pg. 13). That is precisely the issue, and it was incumbent upon the ALJ to explain the weight given to these records.

Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)). Therefore, it is RECOMMENDED that this matter be remanded to allow more specific findings with regard to the records from Barnes Chiropractic.

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-23) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-27) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, May 02, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE